IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | |
|---|---|
| TELLY HARRIS, | ) |
| | ) |
| Plaintiff, | ) 1:22-CV-00217-RAL |
| | ) |
| vs. | ) RICHARD A. LANZILLO |
| | ) UNITED STATES MAGISTRATE JUDGE |
| THE DISTRICT ATTORNEY OF ERIE COUNTY, WARDEN OF ERIE COUNTY PRISON, | ) |
| | ) MEMORANDUM OPINION ON PETITION |
| | ) FOR WRIT OF HABEAS CORPUS |
| | ) |
| Defendants, | ) ECF NO. 16 |
| | ) |
| | ) |

Pending before the Court is an amended Petition for a Writ of Habeas Corpus filed by state prisoner Telly Harris. ECF No. 39. The Respondents have responded to the petition contending that it is unexhausted. *See* ECF No. 42. Harris has filed a response in opposition as well as several supplements to his petition. Both parties have consented to the jurisdiction of a United States Magistrate Judge in these proceedings. *See* ECF Nos. 34, 36. For the reasons stated below, the amended petition for habeas corpus relief will be dismissed, and a certificate of appealability will be denied.

I.  Factual and Procedural Background

Petitioner Telly Harris ("Petitioner" or "Harris"), is challenging the judgment of sentence imposed on him by the Court of Common Pleas of Erie County, Pennsylvania, at Criminal Docket CP-25-CR-1874-2021. A jury empaneled by that court found Harris guilty of simple assault and harassment on March 25, 2022. He was sentenced to eight to twenty-three months

1

incarceration. His sentenced was later recalculated to give him twelve days credit for time served.

Harris' appellate rights were reinstated on December 9, 2022. On June 4, 2023, he filed a Notice of Appeal to the Superior Court of Pennsylvania. Harris was then ordered by the Common Pleas Court to file a Concise Statement of Errors Complained of on Appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). According to the Superior Court's public docket[1], a briefing scheduled was issued on March 17, 2023, and Harris asked for an extension of time to file his brief on April 26, 2023. The Superior Court granted Harris an extension the next day and the filing of his appellate brief remains pending.

II.   Discussion and Analysis

It is well established that a prisoner must present all of his claims to a state's appellate court before a district court may entertain a federal petition for habeas corpus. 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 847 (1999); *Rolan v. Coleman*, 680 F.3d 311, 317 (3d Cir.), *cert. denied*, 568 U.S. 1036 (2012). "The exhaustion requirement ensures that state courts have the first opportunity to review federal constitutional challenges to state convictions and preserves the role of state courts in protecting federally guaranteed rights." Caswell v. Ryan, 953 F.2d 853, 857 (3d Cir. 1992). Pursuant to the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"),

> [a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254(c).

---

[1] Available at https://www.pacourts.us/courts/superior-court/docket-sheets (last consulted on May 8, 2023).

Given the recent timing of Harris' conviction and sentence and the nascent nature of his appeal to the Superior Court, it appears that he has not yet exhausted his state court remedies through direct appeal or state post-conviction relief act proceedings. Indeed, Harris' case is still being actively litigated in the state court with his brief due in the Superior Court on May 26, 2023. *See Commonwealth v. Harris*, 39 WDA 2023 (Pa. Super. Ct., Mar. 17, 2023) (filing of notice of appeal). Thus, Petitioner's habeas corpus petition "presents us with the paradigm of an unexhausted federal habeas petition; a petition whose claims have not been properly and fully presented to and preserved in the state courts." *Hayward v. Marsh*, 2019 WL 490380, at *1 (M.D. Pa. Jan, 10, 2019). Inasmuch as Harris has not satisfied this threshold legal requirement as prescribed by statute by failing to exhaust his state remedies, it is subject to dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules").

The Habeas Rules provide that: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Habeas Rule 4. In order to obtain federal habeas corpus relief, a state prisoner seeking to invoke the power of this Court to issue a writ of habeas corpus must satisfy the standards prescribed by 28 U.S.C. § 2254, which provides in part as follows

> (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.
>
> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--

>> (A) the applicant has exhausted the remedies available in the courts of the State;
>
>> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

28 U.S.C. § 2254 (a) and (b).

As this statutory text makes clear, state prisoners such as Harris must meet exacting substantive and procedural benchmarks in order to obtain habeas corpus relief. Initially, a petition must satisfy exacting substantive standards to warrant relief. Federal courts may "entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Limiting habeas relief to state conduct which violates "the Constitution or laws or treaties of the United States," places a high threshold on the courts. Habeas relief will only be granted to state prisoners in instances where the conduct of state proceedings led to a "fundamental defect which inherently results in a complete miscarriage of justice" or was completely inconsistent with rudimentary demands of fair procedure. *See, e.g., Reed v. Farley*, 512 U.S. 339, 354 (1994). Thus, absent a showing that those violations are so great as to be of a constitutional dimension, a claimed violations of state law, standing alone, will not entitle a petitioner to § 2254 relief. *See Priester v. Vaughan*, 382 F.3d 394, 401-02 (3d Cir. 2004).

Moreover, state prisoners seeking relief under Section 2254 must also meet specific and precise procedural standards. Among these procedural prerequisites is a requirement that the petitioner "has exhausted the remedies available in the courts of the State" before seeking relief in federal court. 28 U.S.C. § 2254(b). The statute's exhaustion requirement mandates total

4

exhaustion of all available state remedies. This means that a habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). Where a state prisoner has failed to exhaust the legal remedies available to him in the state courts, federal courts will typically refuse to entertain a petition for habeas corpus. *See Whitney v. Horn*, 280 F.3d. 240, 250 (3d Cir. 2002).

The exhaustion requirement is rooted in principles of comity and reflects "the fundamental idea that the state should be given the initial opportunity to pass upon and correct alleged violations of the petitioner's constitutional rights." *Hayward*, 2019 WL 490380, at *2 (citing *O'Sullivan*, 526 U.S. at 844). As the Supreme Court explained: "a rigorously enforced total exhaustion rule" is necessary in our dual system of government to prevent a federal district court from upsetting a state court decision without first providing the state courts the opportunity to correct a constitutional violation. *Rose v. Lundy*, 455 U.S. 509, 518 (1982). Requiring exhaustion of claims in state court also ensures that a complete factual record is created to aid the federal courts in their review of a § 2254 petition. *Walker v. Vaughn*, 53 F.3d 609, 614 (3d Cir. 1995). Harris bears the burden of demonstrating that all of the claims alleged in his petition have been "fairly presented" to the state courts, and the claims brought in federal court must be the "substantial equivalent" of those presented to the state courts. *Evans v. Court of Common Pleas*, 959 F.2d 1227, 1231 (3d Cir. 1992); *Santana v. Fenton*, 685 F.2d 71, 73-74 (3d Cir. 1982). He cannot avoid this responsibility by simply suggesting that he is unlikely to succeed in seeking state relief, since it is well-settled that a claim of "likely futility on the merits does not excuse failure to exhaust a claim in state court." *Parker v. Kelchner*, 429 F.3d 58, 63 (3d Cir. 2005).

Harris has not met his burden. Thus, when presented with a petition like Harris', which is premature and plainly unexhausted, the court will dismiss the petition without prejudice, thereby permitting Harris to either return to state court and totally exhaust his claims. *Rose*, 455 U.S. 509 (1982). This approach satisfies the important goals of federalism and comity, as discussed above.

II.   Conclusion

Accordingly, for the foregoing reasons, upon consideration of this Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254, and the Response, the Petition is **DISMISSED** without prejudice. An appropriate **ORDER** will follow.

III.   Certificate of Appealability

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322 (2003).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the

district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In the present matter, jurists of reason would not find the procedural disposition of this case debatable. Accordingly, a certificate of appealability will not issue.

DATED this 9th day of May, 2023.

BY THE COURT:

_____
RICHARD A. LANZILLO
CHIEF UNITED STATES MAGISTRATE JUDGE